1  Stan S. Mallison (SBN 184191)
   Hector R. Martinez (SBN 206336)
2  Marco A. Palau (SBN 242340)
   LAW OFFICES OF MALLISON & MARTINEZ
3  1042 Brown Avenue
   Lafayette, CA 94549
4  Telephone:    (925) 283-3842
   Facsimile:    (925) 283-3426
5  stanm@mallisonlaw.com
   hectorm@themmlawfirm.com
6  mpalau@themmlawfirm.com

7  Attorneys for PLAINTIFFS

8                    UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

10 | JOSE LUIS HERRERA & MARIA MELGOZA, | Case No. |
   | on behalf of themselves and a class of all non- | |
11 | exempt California "La Perla Tapatia" employees, | CLASS ACTION COMPLAINT FOR: |
12 | | 1. Violation of Fair Labor Standards Act for |
   | PLAINTIFFS, | Failure to Pay Overtime Wages, 29 U.S.C. |
13 | | §§ 201 et seq.; |
   | vs. | 2. Failure to Pay Minimum Wages, Cal. |
14 | | Labor Code § 1194; |
15 | MANUEL VILLA ENTERPRISES, INC. (dba | 3. Failure to Pay Overtime Wages, Cal. Labor |
   | "La Perla Tapatia"), a California Corporationl, | Code §§ 510, 1194; |
16 | | 4. Failure to Provide Meal Periods or Pay |
   | | Additional Wages in Lieu Thereof, Cal. |
17 | Defendant. | Labor Code §§ 226.7 and 512; |
18 | | 5. Failure to Provide Rest Periods or Pay |
   | | Additional Wages in Lieu Thereof, Cal. |
19 | | Labor Code § 226.7; |
20 | | 6. Failure to Reimburse Employees for |
   | | Necessary Work Expenses, Cal. Labor |
21 | | Code § 2802; |
   | | 7. Knowing and Intentional Failure to |
22 | | Comply with California Wage Statement |
   | | Provisions, Cal. Labor Code § 226; |
23 | | 8. Waiting Time Penalties for Failure to Pay |
   | | All Wages Owed Upon Termination of the |
24 | | Employment Relationship, Cal. Labor |
   | | Code, §§ 201-203; and |
25 | | 9. Violation of Unfair Competition Law. |
26 | | |
   | | DEMAND FOR JURY TRIAL |
27 | | |

28

1    1.    PLAINTIFFS Maria Melgoza ("MELGOZA") and Jose Luis Herrera

2    ("HERRERA") (together "PLAINTIFFS"), on behalf of themselves and all other similarly situated

3    non-exempt employees, bring this class action lawsuit against Manuel Villa Enterprises, Inc.

4    (doing business in California as "La Perla Tapatia" and other entities) (hereinafter

5    "DEFENDANT").

6    2.    This class action is brought on behalf of all non-exempt employees who were not

7    paid in accordance with Federal and California law. The allegations below are based on

8    PLAINTIFFS' personal knowledge, except those allegations made on information and belief,

9    which are made by PLAINTIFFS' counsel after a reasonable inquiry under the circumstances.

10    3.    Each allegation in this Complaint has evidentiary support or is likely to have

11    evidentiary support after a reasonable opportunity for further investigation or discovery.

12

13    **I.    NATURE OF THE ACTION**

14    4.    This action revolves around the systematic failure by DEFENDANT to pay its

15    California non-exempt employees, including PLAINTIFFS and the CLASS, in conformance with

16    Federal and California law.  The core violations alleged herein are: (1) failure to pay all minimum

17    and overtime wages owed; (2) failure to provide rest and meal periods or pay the statutory

18    additional wages due; (3) failure to provide accurate itemized wage statements or keep accurate

19    time and payroll records; and (4) failure to reimburse employees for necessary expenses incurred

20    for the job.

21    5.    DEFENDANT knowingly and intentionally refused to pay PLAINTIFFS and class

22    members the wages owed and due to them pursuant to the express provisions of the Fair Labor

23    Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the California Labor Code, subjecting

24    DEFENDANT to this class action for wages and interest thereon; penalties; attorney's fees; and

25    cost of suit.

26    6.    The wage-and-hour violations alleged herein further entitle PLAINTIFFS and the

27    CLASS they seek to represent to restitutionary, injunctive, declaratory and other relief.

28

PLAINTIFFS seek for themselves and the CLASS all available remedies and relief, including wages and interest thereon; penalties; attorney's fees; cost of suit; restitution of all wages owed but unlawfully withheld; injunctive relief requiring DEFENDANT to comply henceforth with all applicable laws and regulations governing hours and wages, and enjoining DEFENDANT from engaging in the unlawful and unfair wage-and-hour practices that characterize their business in California; declaratory relief enumerating DEFENDANT'S violations so that the DEFENDANT and the general public will have clarity and guidance with regards to future employment practices; and all other available remedies.

7.    PLAINTIFFS intend to amend this complaint to add a claim for penalties under California's Private Attorney's General Act ("PAGA"), and have initiated the administrative process set forth in California Labor Code § 2699.3, providing notice of the alleged wage-and-hour violations and their underlying facts, which are set forth herein, giving rise to PLAINTIFFS' PAGA claim. Said notice has been delivered in the manner set forth in Section 2699.3 of the California Labor Code to the employer, to Manuel Villa, to DEFENDANT'S owners, officers and persons acting on behalf of DEFENDANT who are responsible in some fashion for causing the wage and hour violations at issue in this complaint; and to the Labor & Workforce Development Agency.

## II.    PARTIES

### A. Plaintiffs

8.    Plaintiff MARIA MELGOZA ("MELGOZA") has been employed by DEFENDANT as a non-exempt deli clerk, checker and lead cashier at various La Perla Tapatia locations in California, including Stores Nos. 4, 10 and 12. MELGOZA has been employed in commerce by DEFENDANT within the meaning of 29 U.S.C. § 203, and is, or at all relevant times has been, employed in DEFENDANT'S business within the meaning of 29 U.S.C. § 203(g), from approximately September 2008 to August 2009.  MELGOZA is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein. During all

relevant times, DEFENDANT failed to properly compensate MELGOZA as a result of DEFENDANT'S intentional and willful payroll policies, whereby employees were not compensated for all hours worked; were subjected to fraudulent time manipulation; were not paid premium rest and meal wages for missed rest and meal periods; were forced – as a condition for payment – to falsely certify that DEFENDANT had provided all required rest and meal periods despite the fact that the timekeeping data demonstrated the contrary; and were forced to purchase uniforms and incur expenses related to uniform maintenance without reimbursement. As a result of these and all other violations described herein, MELGOZA has suffered injury in fact and has lost money or property.

9.    Plaintiff JOSE LUIS HERRERA ("HERRERA") was employed by DEFENDANT as a non-exempt employee in the deli department at DEFENDANT'S Modesto, California store from approximately April 2009 to September 2009. HERRERA was employed in commerce by DEFENDANT within the meaning of 29 U.S.C. § 203, and was employed by DEFENDANT within the meaning of 29 U.S.C. § 203(g).  HERRERA is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein. During all relevant times, DEFENDANT failed to properly compensate HERRERA as a result of DEFENDANT'S intentional and willful payroll policies, whereby employees were not compensated for all hours worked; were subjected to fraudulent time manipulation; were not paid premium rest and meal wages for missed rest and meal periods; were forced – as a condition for payment – to falsely certify that DEFENDANT had provided all required rest and meal periods despite the fact that the timekeeping data demonstrated the contrary; and were forced to purchase uniforms and incur expenses related to uniform maintenance, but these expenses were not reimbursed. As a result of these and all other violations described herein, HERRERA has suffered injury in fact and has lost money or property.

### B.  Defendant

10.    The following allegations as to DEFENDANT are made on information and belief,

1    and are likely to have evidentiary support after a reasonable opportunity for further investigation

2    and discovery.

3          11.    On information and belief, Manuel Villa Enterprises, Inc. is a California

4    Corporation that has operated approximately 12 supermarkets throughout California during the

5    class period under the dba "La Perla Tapatia," including locations in Turlock, Modesto, Patterson

6    and Riverbank. On information and belief, DEFENDANT'S corporate headquarters is located at

7    710 Lander Ave., Turlock, California 95380. According to information lodged with the California

8    Secretary of State, DEFENDANT'S agent for service of process is Lilia Bacon, 710 Lander Ave.,

9    Turlock, California 95380.

10          12.    On information and belief, during the class period DEFENDANT has employed

11    several hundred putative class members at DEFENDANT'S La PerlaTapatia supermarkets

12    throughout California. At all relevant times, DEFENDANT has been an enterprise that employs

13    PLAINTIFFS and the CLASS within the meaning of 29 U.S.C. § 203 and California law.  On

14    information and belief, DEFENDANT engages in sufficient interstate commerce to justify

15    jurisdiction pursuant to FLSA by, for example, engaging in gross volume of sales made or business

16    done in excess of $500,000 (exclusive of excise taxes at the retail level that are separately stated),

17    and employing PLAINTIFFS and the CLASS to handle, sell, or otherwise work on goods or

18    materials that have been moved in or produced for commerce.

19          13.    On information and belief, DEFENDANT is owned and controlled by Manuel and

20    Bertha Villa, President and Vice President of Defendant Manuel Villa Enterprises, respectively. On

21    information and belief, Manuel Villa operated La Perla Tapatia as a sole proprietor prior to

22    incorporation. On information and belief, during all relevant times Manuel Villa has exercised

23    ultimate control over the payroll policies at issue in this action, including those governing rest and

24    meal periods, timekeeping and recordkeeping, payment of wages and reimbursement of expenses.

25    Manuel Villa has created, implemented, carried out and directed subordinates to carry out these

26    unlawful policies. On information and belief, Manuel Villa has directly supervised store

27    operations, reviewed employee time records, authorized payroll, signed employee paychecks,

28

conducted mandatory employee training meetings for which employees are not paid, required

employees to work without pay, implemented a system that forced employees to work without

requisite rest and meal periods and directly violated or caused the violations alleged in this

complaint. Bertha Villa directly supervises employees and forces them to work without pay and to

work without requisite rest and meal periods, directly violating or causing the violations alleged in

this complaint.

### III.    JURISDICTION AND VENUE

14.    This Court has federal question subject matter jurisdiction over this class action

pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

15.    This Court also has supplemental jurisdiction over the California state-law claims

pursuant 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form

part of the same case and controversy under Article III of the U.S. Constitution and arise from a

common nucleus of facts.  This Court is empowered to grant declaratory relief pursuant to 28

U.S.C. § 2201.

16.    Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391,

because this District is the district in which at least one of the Defendants resides and a district in

which a substantial part of the events or omissions giving rise to the claims occurred.

### INTRADISTRICT ASSIGNMENT

17.    This case is properly assigned to the Fresno Division of this Court because the

action largely arises from events and omissions that occurred in Stanislaus and other nearby

California Counties.  Eastern District Local Rule 120(d).

### IV.    FACTUAL ALLEGATIONS

18.    The claims of this lawsuit spring from a pattern of employer misconduct and

wrongdoing that is a characteristic of the labor system utilized by DEFENDANT, whereby unpaid

and improperly paid labor, as alleged herein, is an integral business practice, and where the

employer externalizes the cost of business expenditures upon DEFENDANT'S employees.

DEFENDANT'S actions in this case demonstrate a systematic disregard for the rights afforded to

PLAINTIFFS and the CLASS under Federal and California wage and hour laws. The following

paragraphs detail specific violations of law giving rise to this action.

19.    For at least four years prior to the filing of this action and through to the present

(liability period for the UCL cause of action), DEFENDANT maintained and enforced against

PLAINTIFFS and the CLASS unlawful practices and policies in violation of Federal and

California wage and hour laws, including but not limited to:

    a.    failing to compensate class members, including PLAINTIFFS, for all hours
worked, in violation of federal and state minimum and overtime wage laws;

    b.    failing to provide class members, including PLAINTIFFS, rest periods of at
least (10) minutes per four (4) hours worked, or major fraction thereof, and
failing to pay such employees one (1) additional hour of pay at their regular
rate of compensation for each workday that a rest period was not provided,
in violation of California law;

    c.    requiring PLAINTIFFS and class members to work periods of five (5) hours
without a meal period, and failing to pay such employees one (1) additional
hour of pay at their regular rate of compensation for each workday that a
meal period was not provided;

    d.    failing to provide accurate itemized wage statements to class members,
including PLAINTIFFS, showing all actual hours worked and all earned
wages, including minimum, overtime, rest period and meal period wages, in
violation of California law;

    e.    failing to reimburse class members, including PLAINTIFFS, for necessary
job expenses incurred in connection with DEFENDANT'S employee
uniform policy;

    f.    knowingly and intentionally failing to pay all wages owed to class members,

1    including PLAINTIFFS, at the time the employment relation terminated, in

2    violation of California law; and

3    g.    manipulating and failing to maintain accurate time records for class

4    members, including PLAINTIFFS, in violation of California law.

5    20.    On information and belief, DEFENDANT was on notice of the improprieties

6    alleged herein, and/or DEFENDANT has intentionally, deliberately, and willfully carried out these

7    unlawful and unfair business practices to the detriment of employees and the public.

8    21.    DEFENDANT has made it difficult to account with precision for the unlawfully

9    withheld wages due to PLAINTIFFS and class members during all relevant times herein causing

10    injury to such employees, because DEFENDANT did not furnish accurate wage statements to

11    employees, as required for non-exempt employees by California Labor Code §§ 226 and 1174(d),

12    and Industrial Welfare Commission Wage Orders 5 & 7.

13    22.    PLAINTIFFS bring this action on behalf of the CLASS pursuant to the FLSA,

14    California Labor Code and IWC wage orders, seeking unpaid overtime and minimum wages, rest

15    and meal period compensation, statutory penalties, liquidated damages, reimbursement of

16    expenses, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and

17    costs of suit.

18    23.    Pursuant to the Unfair Competition Law ("UCL"), Business and Professions Code

19    §§ 17200 et seq., PLAINTIFFS, on behalf of themselves and the CLASS, seek injunctive relief,

20    declaratory relief, restitution, and restitutionary disgorgement of all wages earned by PLAINTIFFS

21    and class members but retained by DEFENDANT as a result of its failure to comply with the

22    above laws. PLAINTIFFS and the CLASS are also entitled to attorneys' fees, costs and interest

23    pursuant to California Code of Civil Procedure § 1021.5 and the California Labor Code.

24

25    **V.    CLASS ACTION ALLEGATIONS**

26    24.    PLAINTIFFS bring this action on behalf of themselves and all others similarly

27    situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28

1    PLAINTIFFS seek to represent the following "CLASS":

2          **CALIFORNIA PERLA TAPATIA WORKERS:**  All persons who have
            been employed by DEFENDANT as non-exempt workers in California at
3          any time within four years of the filing of this Complaint to the present, and
            have been subjected to DEFENDANT'S unlawful payroll policies, whereby
4          workers (1) were not paid all minimum, overtime, rest period and meal
            period wages due; (2) were not reimbursed for expenses incurred to
5          purchase or maintain work uniforms; (3) were not provided accurate wage
            statements and (4) were not timely paid all wages owed upon termination of
6          the employment relationship.

7    PLAINTIFFS reserve the right to expand, amend or modify the CLASS description with greater

8    specificity to further divide into subclasses or to limit to particular issues.

9          25.      PLAINTIFFS also seeks to represent the following opt-in FLSA "CLASS":

10         **CALIFORNIA PERLA TAPATIA FLSA CLASS:** All non-exempt
            workers employed by DEFENDANT in California at any time within three
11         years of the filing of this Complaint to the present who were not paid all
            overtime wages owed.

12         26.      This action has been brought and may properly be maintained as a class action

13   under the provisions of Federal Rule of Civil Procedure 23, because common issues predominate

14   over any individual issues, the class is sufficiently numerous, PLAINTIFFS' claims are typical of

15   the claims of the CLASS, there are common issues of law or fact, and PLAINTIFFS are adequate

16   representatives.

17         27.      The wage and hour violations alleged herein stem from DEFENDANT'S unlawful

18   payroll policies, which are subject to common proof. First, DEFENDANT keeps track of employee

19   time electronically, including the start and stop time of work periods and meal periods, such that

20   DEFENDANT'S electronic timekeeping database provides a common means of establishing (a)

21   the hours worked for purposes of calculating minimum and overtime wages owed, and (b) missed

22   rest and meal periods for purposes of calculating rest and meal period premium wages. Second, the

23   payroll data provides common proof of whether or not minimum, overtime and premium rest and

24   meal period wages were actually paid. As such, the core discovery that PLAINTIFFS will seek for

25   class certification will be the electronic time and payroll data, as well as putative class member

26   contact information.

27

28

A.     <u>Numerosity</u>

28.     The potential members of the CLASS are so numerous that joinder of all the members of the CLASS is impracticable.  While the precise number of class members has not been determined at this time, PLAINTIFFS are informed and believe that the CLASS contains several hundred workers.  Upon information and belief, PLAINTIFFS allege that DEFENDANT'S time and payroll database and employment records would provide information as to the number and location of all class members.  Joinder of all members of the proposed CLASS is not practicable.  Class members are largely low-income, Spanish-speaking workers with little knowledge of the judicial system, the United States Federal Courts and their labor rights under California and Federal law, making the alternative of hundreds or thousands of individual wage and hour actions impractical and inefficient.  Denial of class certification would likely result in valid and proper claims being unlitigated or, alternatively, the filing of a myriad of cases flooding the court's docket.

B.     <u>Commonality</u>

29.     There are questions of law and fact common to the CLASS predominating over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

a.     whether DEFENDANT failed to pay premium overtime wages for hours worked in excess of 8 hours in one day, 40 hours in a workweek, and on the seventh day of a workweek without overtime pay, in violation of Federal and California law;

b.     whether DEFENDANT failed to pay minimum wages for all hours worked;

c.     whether DEFENDANT failed to permit rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failed to pay employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided;

d.    whether DEFENDANT failed to provide a meal period for every five (5) hours of work and failed to pay employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided;

e.    whether DEFENDANT failed to provide accurate itemized wage statements;

f.    whether DEFENDANT manipulated its time-keeping system to cheat the class members out of wages to which they were entitled;

g.    whether DEFENDANT violated the state or federal record-keeping requirements;

h.    whether DEFENDANT failed to reimburse employees for expenses reasonably incurred or for amounts DEFENDANT required employees to supply in order to carry our DEFENDANT'S business;

i.    whether DEFENDANT violated the California Labor Code and wage orders by willfully refusing to pay all wages due;

j.    whether DEFENDANT committed unlawful business practices in violation of Sections 17200 et seq. of the California Business and Professions Code, by engaging in the above practices and other violations of the California Labor Code;

k.    whether DEFENDANT committed unfair business practices in violation of Sections 17200 et seq. of the California Business and Professions Code, by violating the public policies underlying the California Labor Code and/or wage orders; and

l.    whether PLAINTIFFS and the other class members are entitled to damages, restitution, statutory penalties, injunctive and declaratory relief, punitive damages, attorney's fees and costs, and other relief pursuant to the FLSA, California Labor Code and wage orders and California Business and Professions Code §§ 17200 et seq.

## C.    Typicality

31.    Named PLAINTIFFS' claims are typical of those of the CLASS. PLAINTIFFS and all class members sustained injuries and damages arising out of and caused by DEFENDANT'S common course of conduct in violation of California and Federal laws, regulations, and statutes as alleged herein.

## D.    Adequacy of Representation

32.    PLAINTIFFS will fairly and adequately represent and protect the interests of the members of the CLASS.  Counsel who represent PLAINTIFFS are competent and experienced in litigating wage and hour class actions.

## E.    Superiority of Class Action

33.    A class action is superior to other available means for the fair and efficient adjudication of the non-PAGA claims.  Individual joinder of all class members is not practicable, and questions of law and fact common to the CLASS predominate over any questions affecting only individual members of the CLASS.  Each member of the CLASS has been damaged and is entitled to recovery by reason of DEFENDANT'S unlawful policy and/or practice of failing to compensate class members for all wages earned and due, and engaging in the other unlawful practices complained of herein.

34.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties likely to be encountered in the management of this lawsuit that would preclude its maintenance as a class action.

## VI.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

FAILURE TO PAY OVERTIME WAGES
(Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a))

- 12 -

35.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

36.    DEFENDANTS intentionally violated the rights of PLAINTIFFS and the CLASS under FLSA, 29 U.S.C. § 207(a), by failing to pay overtime wages at a rate not less than one and one-half times for all hours after forty hours in any given workweek during their employment with DEFENDANTS.

37.    The violations of FLSA resulted from DEFENDANT'S payroll practices, including without limitation requiring employees to work without pay and manipulating or "shaving" of employee time. As a result of these pay practices, DEFENDANTS failed to compensate PLAINTIFFS and the CLASS for all time worked or failed to compensate them at the appropriate premium rate (one and one-half times the regular rate of compensation) for hours worked in excess of forty in a workweek, in violation of 29 U.S.C. § 207(a).

35.    As a result of the FLSA violations described in this claim, PLAINTIFFS and the CLASS are entitled to recover the amount of their unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys fees and costs to be paid by DEFENDANTS pursuant to 29 U.S.C. § 216(b).

36.    PLAINTIFFS brings this claim for relief pursuant to the collective action rules under 29 U.S.C. § 216(b). For purposes of this claim for relief only, PLAINTIFFS attaches to this complaint a FLSA consent form.

37.    WHEREFORE, PLAINTIFFS and the CLASS request relief as described herein and below.

### SECOND CLAIM FOR RELIEF

#### FAILURE TO PAY STATE MINIMUM WAGES
(Violation of Labor Code §§ 1194, 1194.2 1197(a) & Wage Orders)

38.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

39.    California Labor Code §1197, which is entitled "Pay of Less Than Minimum Wage," states:

The minimum wage for employees fixed by the commission is the minimum wage
to be paid to employees, and the payment of a less wage than the minimum so fixed
is unlawful.

40.    The applicable minimum wage fixed by the commission in the Industrial Welfare

Commission ("IWC") Wage Orders was set at six dollars and seventy five cents ($6.75) per hour

for all hours worked effective January 1, 2002, but has been recently amended. The minimum

wage effective January 1, 2007 was $7.50 per hour, and the minimum wage has now been raised to

$8.00 per hour, effective January 1, 2008.

41.    DEFENDANT has failed to pay minimum wages for all hours worked. In particular,

PLAINTIFFS and the CLASS are paid at a rate that is less than the statutory minimum when

DEFENDANT alters or "shaves" employee time or requires employees to attend unpaid training

and work meetings.  The time worked but completely unpaid was substantial, occurred regularly

and constitutes a violation of California's minimum wage law.

42.    The Minimum Wage provisions of California Labor Code are enforceable by

private civil action pursuant to California Labor Code §1194(a), which states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving
less than the legal minimum wage or the legal overtime compensation applicable to
the employee is entitled to recover in a civil action the unpaid balance of the full
amount of this minimum wage or overtime compensation, including interest
thereon, reasonable attorney's fees and costs of suit.

43.    As such, PLAINTIFFS and the CLASS may bring this action for minimum wages,

interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

44.    PLAINTIFFS and the CLASS are also entitled to liquidated damages. California

Labor Code § 1194.2 provides that:

In any action under Section 1194 … to recover wages because of the payment of a
wage less than the minimum wages fixed by an order of the commission, an
employee shall be entitled to recover liquidated damages in an amount equal to the
wages unlawfully unpaid and interest thereon.

45.    As described herein, this is an action under California Labor Code §1194 to recover

wages on account of DEFENDANT'S failure to pay less than the wages established in the

- 14 -

applicable wage order(s).  Therefore, PLAINTIFFS and the CLASS are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

46.    WHEREFORE, PLAINTIFFS and the CLASS request relief as described herein and below.

### THIRD CLAIM FOR RELIEF

#### FAILURE TO PAY PREMIUM OVERTIME WAGES
(Violation of Labor Code §§ 510, 1194, 1194.2 & Wage Orders)

47.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

48.    Labor Code § 510(a) establishes the eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one day or forty (40) hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay. The identical provision is found in the applicable Wage Orders, which are authorized under California Labor Code §1185.

49.    As described herein, DEFENDANT violated California Labor Code § 510 by employing PLAINTIFFS and the CLASS in excess of eight (8) hours in one day and forty (40) hours in a workweek without paying the required overtime rate.

50.    PLAINTIFFS and the CLASS may enforce these provisions pursuant to Labor Code §1194(a) and California Business and Professions Code §§17200 et seq.

51.    California Labor Code §1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

52.     As a result, PLAINTIFFS and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of suit.

53.     WHEREFORE, PLAINTIFFS and the CLASS request relief as described herein and below.

### FOURTH CLAIM FOR RELIEF

FAILURE TO PROVIDE MEAL PERIODS
OR COMPENSATION IN LIEU THEREOF
(Violation of Labor Code §§ 226.7, 512 & Wage Orders)

54.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

55.     California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

56.     The applicable Wage Order states with regards to meal periods:

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

A similar provision is contained at California Labor Code §512.

57.    In this case, there was no mutual waiver of meal periods and employees worked for periods of more than five hours without a meal period of 30 minutes.  As noted above, DEFENDANTS violated California Labor Code §226.7 by failing to provide meal periods mandated by Labor Code §226.7 and the Wage Orders.  As such, DEFENDANT is liable for one hour of pay at the employee's regular rate of compensation for each workday that the meal periods were not provided.

58.    PLAINTIFFS and the CLASS did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from PLAINTIFFS and the Class was not willfully obtained, was not voluntarily agreed to, was a condition of employment or payment or part of a unlawful contract of adhesion.

59.    By manipulating and/or failing to keep adequate time and wage records required by sections 226 and 1174(d) of the Labor Code, DEFENDANT has injured PLAINTIFFS and the CLASS and made it difficult to calculate the unpaid meal period compensation due.

60.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and the CLASS have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees and costs, pursuant to Labor Code §§203, 226, 226.7, 512, 1194, and the Wage Orders.

61.    WHEREFORE, PLAINTIFFS and the CLASS requests relief from DEFENDANT as described herein and below.

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE REST PERIODS
(Violation of Labor Code § 226.7 & Wage Orders)

62.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

63.    The Wage Orders state with regards to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

64.    On information and belief, during the past four years DEFENDANT did not authorize or permit PLAINTIFFS or the CLASS to take rest periods.

65.    There was no mutual waiver of rest periods and employees worked for periods of more than four hours without a 10-minute rest period. As noted above, DEFENDANT violated California Labor Code §226.7 by failing to provide rest periods mandated by Labor Code §226.7 and the Wage Orders. As such, DEFENDANT is liable for one hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided.

66.    PLAINTIFFS and the CLASS did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from PLAINTIFFS and the Class was not willfully obtained, was not voluntarily agreed to, was a condition of employment or payment or part of a unlawful contract of adhesion.

67.    By manipulating and/or failing to keep adequate time and wage records required by sections 226 and 1174(d) of the Labor Code, DEFENDANT has injured PLAINTIFFS and the CLASS and made it difficult to calculate the unpaid rest period compensation due.

68.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and the CLASS have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees and costs, pursuant to Labor Code §§203, 226, 226.7, 512, 1194, and the Wage Orders.

1    69.    WHEREFORE, PLAINTIFFS and the CLASS requests relief from DEFENDANT

2    as described herein and below

### SIXTH CLAIM FOR RELIEF

FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
(Violation of Labor Code §§ 226, 226.6 & Wage Orders)

70.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

71.    California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

72.    DEFENDANTS have failed to provide PLAINTIFFS and, on information and belief, Class members accurate itemized wage statements that include the gross wages earned, total hours worked, piece rates if any, all deductions, net wages earned, pay period dates, name of employee, name address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period, as mandated by Labor Code § 226 and the applicable Wage Orders.

- 19 -

73.   As a result of DEFENDANTS' violations of the minimum wage statutes, DEFENDANTS violated California Labor Code §226(a), inaccurately stating gross wages earned, total hours worked, deductions, net wages and other issues as described above.

74.   As a result of DEFENDANTS' violations of the overtime wage statutes, DEFENDANTS violated California Labor Code §226(a), inaccurately stating gross wages earned, total hours worked, deductions, net wages and other issues as described above.

75.   By knowingly and intentionally failing to provide PLAINTIFFS and Class members itemized wage statements in conformance with Labor Code § 226, DEFENDANTS have violated Labor Code § 226.6, which is a misdemeanor punishable by fine and/or prison.

76.   California Labor Code §226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

77.   DEFENDANTS have the ability to provide PLAINTIFFS and the Class itemized wage statements mandated by Labor Code § 226, but have knowingly and intentionally refused to do so, in violation of Labor Code § 226.6.

78.   DEFENDANTS have the ability to pay all wages due for all time worked, but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to PLAINTIFFS and the Class, and intending to annoy harass, oppress, hinder delay or defraud PLAINTIFFS and the Class, in violation of California Labor Code §226.6.

79.   DEFENDANTS' violation of § 226 also constitutes a predicate violation of California Business & Profession Code §§ 17200.

80.    WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below.


## SIXTH CLAIM FOR RELIEF

FAILURE TO REIMBURSE EMPLOYEES FOR EXPENSES INCURRED AGAINST MANUEL VILLA
(Violation of Labor Code § 2802 & Wage Orders)

81.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

82.    At all times relevant to this complaint, DEFENDANTS required PLAINTIFFS and Class members to purchase and use specific work-boots and other attire, but were not reimbursed for the cost of such necessary work expenses.

83.    As such, DEFENDANTS have violated Labor Code § 2802 and the applicable Wage Orders by failing to reimburse PLAINTIFFS and the Class for the expense of purchasing required work-boots and other work attire.

84.    By not providing the company-required work-boots or other work attire, or reimbursing the employees for expenses incurred to acquire them, DEFENDANTS have unlawfully and intentionally taken and converted the property of PLAINTIFFS and Class members for their own use. As a result, PLAINTIFFS and Class members have been denied use and enjoyment of their property and have been otherwise damaged in an amount to be proven at trial.

85.    WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below.


## SEVENTH CLAIM FOR RELIEF

BREACH OF CONTRACT AGAINST MANUEL VILLA
(Violation of California Common Law & Labor Code §§ 223, 225, 226 & 206.5, FLSA)

86.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

87.    DEFENDANTS entered into a written and implied employment contract with PLAINTIFFS and the Class, whereby DEFENDANTS implicitly or by operation of law promised to pay PLAINTIFFS and the Class in conformance with the State's minimum wage requirements. Evidence of the hourly rates are contained in the applicable Wage Orders, which are incorporated into the agreement by implication or operation of law.  Further, all applicable sections of the FLSA, California Labor Code are also incorporated by operation of law into said employment contracts with PLAINTIFFS and the Class, including all remedies and penalties.

88.    DEFENDANTS breached the contract of employment into which they entered with the PLAINTIFFS and the Class by failing to comply with the promised terms and conditions of employment and by failing to comply with Federal and California wage and hour law.

89.    PLAINTIFFS and the Class were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract during their terms of employment.

90.    As a direct consequence of DEFENDANTS' breach of the employment contract, PLAINTIFFS and the Class suffered substantial injury.

91.    DEFENDANTS are liable to PLAINTIFFS and the Class for actual, incidental, liquidated, consequential damages and all California wage and hour law remedies incorporated into the contract by operation of law.

92.    WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below.

## EIGHTH CLAIM FOR RELIEF

VIOLATION OF UNFAIR COMPETITION LAW AGAINST MANUEL VILLA
(California Business & Professions Code §§ 17200 et seq.)

93.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

94. On information and belief, and at all times relevant, PLAINTIFFS alleges that DEFENDANTS, by and through their policies and practices, engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 et seq., including the following:

    a. failure to pay the minimum statutory wage to employees, including PLAINTIFFS and the Class, by not paying for all hours worked or paying below the California minimum wage rate, in violation of Labor Code §§ 1194, 1197 and the applicable Wage Orders;

    b. failure to compensate PLAINTIFFS and the Class at the appropriate premium overtime wage for all hours worked, i.e., DEFENDANTS failed to account for overtime hours or to pay overtime premium wages of one-and-one-half (1 ½) the regular rate of pay for work in excess of eight (8) hours in one day, forty (40) hours in one week or on the seventh (7th) consecutive day of work; and failed to pay doubletime premium wages for all hours worked in excess of twelve (12) hours in one day and in excess of eight (8) hours on the seventh (7th) consecutive day of work, in violation of §§510, 1194 and the applicable Wage Orders;

    c. failure to authorize, permit and/or provide their hourly employees, including PLAINTIFFS and Class members, rest periods of at least ten (10) minutes per four (4) hours of work, or major fraction thereof, or to pay such employees one (1) hour of additional wages at the employees regular rate of compensation for each workday that the rest period is not provided, as required by Labor Code §226.7 and the applicable Wage Orders;

    d. failure to provide accurate itemized wage statements to PLAINTIFFS and the Class, as mandated by Labor Code § 226 and the applicable Wage Orders;

    e. failure to reimburse employees, including PLAINTIFFS and the Class, for boots and other attire they were required to purchase and use as a condition

of employment, in violation of Labor Code § 2802 and the applicable Wage Orders; and

    f.   failure to pay employees, including PLAINTIFFS and the Class, in accordance with the promised terms of employment under California and Federal law.

95.    DEFENDANTS' actions as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code §§ 17200 et seq.  PLAINTIFFS and, on information and belief, the Class he seeks to represent have suffered injury in fact and have lost money or property as a result of such unfair competition.

96.    PLAINTIFFS and the Class are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

97.    As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Class. DEFENDANTS should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to PLAINTIFFS and Class members the wrongfully withheld wages, pursuant to Business and Professions Code § 17203 and the penalties provision of § 17202.

98.    PLAINTIFFS is informed and believes, and thereon alleges, that DEFENDANTS have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. PLAINTIFFS is further informed and believes, and thereon alleges, that PLAINTIFFS and Class members are prejudiced by DEFENDANTS' unfair trade practices.

99.    As a direct and proximate result of DEFENDANTS' unfair business practices, PLAINTIFFS, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which

- 24 -

have been unlawfully withheld from PLAINTIFFS and the Class as a result of the business acts and practices described herein, and enjoinment of DEFENDANTS to cease and desist from engaging in the practices described herein.

100.    As a direct and proximate result of DEFENDANTS' unfair business practices, PLAINTIFFS and all Class members are entitled, in accordance with Business and Professions Code § 17202, to enforcement of penalties resulting from the business acts and practices described herein, and entitled to enjoinment of DEFENDANTS to cease and desist from engaging in the practices described herein.

101.    On information and belief, the unlawful conduct alleged herein is continuing, and there is no indication that DEFENDANTS will cease such activity into the future. PLAINTIFFS alleges that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue their practice of failing to properly compensate non-exempt employees for all minimum and premium overtime wages owed; provide accurate wage statements; provide rest periods or compensation in lieu thereof; and reimburse employees for necessary expenses.

102.    WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below and as deemed just and proper by this Court.


NINTH CAUSE OF ACTION

Violations of Labor Code Private Attorneys General Act

California Labor Code §§2698 et seq.

AGAINST MANUEL VILLA and INDIVIDUAL DEFENDANTS

103.    PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

104.    PLAINTIFFS submits this Complaint to include allegations pursuant to Labor Code §§ 2699 et seq. (The Private Attorneys General Act).

1    105.    PLAINTIFFS is an aggrieved employee as defined in Labor Code §2699(a).  He

2   brings this cause on behalf of himself and other current or former aggrieved employees affected by

3   the labor law violations alleged in this complaint.

4    106.    Labor Code § 2699(f) provides:

5
6       For all provisions of this code except those for which a civil penalty is
        specifically provided, there is established a civil penalty for a violation
        of these provisions, as follows: . . . (2) If, at the time of the alleged
7       violation, the person employs one or more employees, the civil penalty is
        one hundred dollars ($100) for each aggrieved employee per pay period
8       for the initial violation and two hundred dollars ($200) for each
        aggrieved employee per pay period for each subsequent violation.
9

10   107.    PLAINTIFFS seeks civil penalties as provided under applicable Labor Code

11  sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a) on

12  behalf of the State of California, and on behalf of himself and other aggrieved employees as

13  provided by Labor Code § 2699(i). To the extent that any violation alleged herein does not carry a

14  penalty, PLAINTIFFS seeks civil penalties pursuant to Labor Code § 2699(f) for PLAINTIFFS

15  and other current or former employees for violations of those sections. The pre-lawsuit notice

16  requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified

17  mail to DEFENDANTS and to the Labor and Workforce Development Agency of the Labor Code

18  and IWC Wage Order violations averred herein.  The Agency failed to timely notify PLAINTIFFS

19  it would investigate these violations.

20

21   108.    All DEFENDANTS are liable to PLAINTIFFS, and  "other current or former

22  employees and the state" for the civil penalties permitted by this complaint set forth in this

23  Amended Complaint. PLAINTIFFS is also entitled to an award of attorneys' fees and costs as set

24  forth below.

25

26   109.    PLAINTIFFS'S PAGA claims do not require Class Certification because these

27  claims are held by the named PLAINTIFFS in this action.  Both the language of the PAGA and the

28  express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf

of other employees without complying with the requirements of a class action.  Labor Code Section 2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law…" The wording of the PAGA, which authorizes an aggrieved employee to bring an action  "on behalf of himself or herself and other current or former employees… [,]" is similar to the form wording of Business and Professions Code Section 17204, which authorized a person to bring an action "acting for the interests of itself, its members or the general public."… The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a Private Attorney General to collect penalties from employers who violate labor laws.  Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct.  Restitution is not the primary object of a PAGA action.  An action under the PAGA is not for the purpose of recovering damages, but only for the recovery of a civil penalty.  It does not preclude an employee from pursuing any other claim he may have available under law.

110.    As such, PLAINTIFFS individually holds a substantive right to bring PAGA claims and no class certification is required as PLAINTIFFS has no need for a court order authorizing the representation of  a class.

111.    The PAGA claims are brought against all DEFENDANTS pursuant to provisions of the Labor Code including §558 which permits liability of persons who violate or cause to be violated Labor Code and IWC regulations.

## VII.    PRAYER

WHEREFORE, PLAINTIFFS prays for judgment as follows:

A.    That the Court determine that this action may be maintained as a class action;

B.    For the attorneys appearing on the above caption to be named class counsel;

C.      For compensatory damages in an amount according to proof with interest thereon;

D.      For economic and/or special damages in an amount according to proof with interest thereon;

E.      That DEFENDANTS be found to have engaged in unfair competition in violation of California Business and Professions Code §§ 17200 et seq.;

F.      That DEFENDANTS be ordered and enjoined to make restitution to PLAINTIFFS and the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation and benefits pursuant to California Business and Professions Code §§ 17203 & 17204;

G.      That DEFENDANTS be ordered and enjoined to pay all applicable penalties to PLAINTIFFS and the PLAINTIFFS Class due to their unfair competition pursuant to California Business and Professions Code § 17202;

H.      That DEFENDANTS be enjoined from continuing the unlawful course of conduct, alleged herein;

I.      That DEFENDANTS further be enjoined to cease and desist from unfair competition in violation of the California Business and Professions Code §§ 17200 et seq.;

J.      That DEFENDANTS be enjoined from further acts of restraint of trade or unfair competition;

K.      For payment of additional hour wages for each rest and meal periods DEFENDANTS denied PLAINTIFFs and the Class in accordance with Labor Code §226.7, applicable Industrial Welfare Commission Wage Orders, and California Business and Professions Code § 17203;

L.      For reimbursement of necessary expenses incurred in the discharge of PLAINTIFFS'S and the Class' duties;

M.      For payment of overtime wages, pursuant to 29 U.S.C. § 207 and Labor Code §§ 510, 1194, 1194.2 & Wage Orders, and liquidated damages pursuant to 29 U.S.C. § 216(b);

N.      For payment of minimum wages and liquidated damages pursuant to Labor Code §§ 1194, 1194.2 1197(a) & Wage Orders;

O.      For punitive damages;

1    P.    For interests, attorneys' fees and cost of suit under Labor Code § 2802, and Code of

2  Civil Procedure § 1021.5; and

3    Q.    For an order imposing an asset freeze in constructive trust of DEFENDANTS' ill-

4  gotten gains, and enjoining DEFENDANTS from failing and refusing to disgorge all monies

5  acquired by means of any act or practice declared by this Court to constitute unlawful, unfair or

6  fraudulent acts or practices;

7    R.    That DEFENDANTS be ordered to show cause why they should not be enjoined

8  and ordered to comply with the applicable California Labor Code sections and Industrial Welfare

9  Commission Wage Orders related to payment of wages;

10   S.    For all penalties and wages pursuant to the procedures detailed in Labor Code §

11 2698 et seq.

12   T.    For such other and further relief as the Court deems just and proper.

13                    **DEMAND FOR JURY TRIAL**

14   PLAINTIFFS hereby demands trial of her claims by jury to the extent authorized by law.

15 Respectfully Submitted,

16

17 Dated:  February 17, 2010          LAW OFFICES OF MALLISON & MARTINEZ

18

19                    By:   /s/ Stan Mallison
                        Stan S. Mallison
20                      Héctor R. Martínez
                        Attorneys for PLAINTIFFS OCHOA-HERNANDEZ,
21                      on    behalf of himself and for the benefit of all other
                        similarly situated individuals employed by
22                      DEFENDANTS

23

24

25

26

27

28