BENJAMIN L. WEBSTER, Bar No. 132230
BARBARA A. BLACKBURN, Bar No. 253731
LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way, Suite 390
Sacramento, CA 95833.4227
Telephone: 916.830.7200

Attorneys for Defendants
MANUEL VILLA ENTERPRISES, INC. dba LA PERLA TAPATIA, MANUEL VILLA, and BERTHA VILLA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE LUIS HERRERA & MARIA MELGOZA, on behalf of themselves and a class of all non-exempt California "La Perla Tapatia" employees,

Plaintiffs,

v.

MANUEL VILLA ENTERPRISES, INC. (dba "La Perla Tapatia"), a California Corporation, MANUEL VILLA, and BERTHA VILLA

Defendants.

Case No. 1:10-CV-00271-AWI-GSA

**ANSWER OF DEFENDANTS MANUEL VILLA AND BERTHA VILLA TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Complaint Filed: February 17, 2010
Amended Complaint Filed: April 7, 2010

Defendants MANUEL VILLA and BERTHA VILLA ("Defendants"), in response to the First Amended Complaint ("Complaint") filed by Plaintiffs JOSE LUIS HERRERA & MARIA MELGOZA on behalf of themselves and all other similarly situated non-exempt employees ("putative class members") (collectively, Plaintiffs and the putative class members are hereafter referred to as "Plaintiffs"), hereby answer the Complaint as follows:

1. Answering Paragraph 1 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

2. Answering Paragraph 2 of the Complaint, Defendants DENY that Plaintiffs were not paid in accordance with Federal and California law. Defendants lack sufficient information to ADMIT or DENY the remaining allegations therein.

3. Answering Paragraph 3 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

## I. NATURE OF THE ACTION

4. Answering Paragraph 4 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

7. Answering the first sentence of Paragraph 7 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein. Answering the second sentence of Paragraph 7 of the Complaint, Defendants ADMIT that it received notice, but DENY that they were responsible for causing wage and hour violations. Answering the third sentence of Paragraph 7 of the Complaint, Defendants ADMIT the allegations contained therein. Answering the fourth sentence of Paragraph 7 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein. Answering the fifth sentence of Paragraph 7 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein. Answering the sixth sentence of Paragraph 7 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

## II. PARTIES

### A. Plaintiffs

8. Answering the first sentence of Paragraph 8 of the Complaint, Defendants ADMIT that Plaintiff Melgoza worked at La Perla Tapatia Stores No. 4 and 12 and allege that she only worked at Store No. 10 on occasion when filling in for other employees, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein. Answering

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

the second sentence of Paragraph 8 of the Complaint, Defendants ADMIT the allegations contained therein for Defendant Manuel Villa Enterprises, Inc. dba La Perla Tapatia ("La Perla Tapatia"), but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein for Defendants Manuel and Bertha Villa.  Answering the third sentence of Paragraph 8 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.  Answering the fourth sentence of Paragraph 8 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.  Answering the fifth sentence of Paragraph 8 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

9. Answering the first sentence of Paragraph 9 of the Complaint, Defendants ADMIT the allegations contained therein for Defendant La Perla Tapatia, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein for Defendants Manuel and Bertha Villa.  Answering the second sentence of Paragraph 9 of the Complaint, Defendants ADMIT the allegations contained therein for Defendant La Perla Tapatia, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein for Defendants Manuel and Bertha Villa.  Answering the third sentence of Paragraph 9 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.  Answering the fourth sentence of Paragraph 9 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.  Answering the fifth sentence of Paragraph 9 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

**B.   Defendant**

10. Answering Paragraph 10 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

11. Answering the first sentence of Paragraph 11 of the Complaint, Defendants DENY that La Perla Tapatia had 12 locations throughout California and DENY that La Perla Tapatia's stores were "supermarkets."  Defendants ADMIT the remaining allegations contained in the first sentence of Paragraph 11 of the Complaint.  Answering the second sentence of Paragraph

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

FIRMWIDE:96111972.1 048934.1005        3.
VILLA DEFS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE No.  1:10-CV-00271-AWI-GSA

11 of the Complaint, Defendants ADMIT the allegations contained therein. Answering the third sentence of Paragraph 11 of the Complaint, Defendants ADMIT the allegations contained therein.

12. Answering the first sentence of Paragraph 12 of the Complaint, Defendants ADMIT that Manuel Villa is a California resident, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein. Answering the second sentence of Paragraph 12 of the Complaint, Defendants ADMIT that Bertha Villa is a California resident, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein. Answering the third sentence of Paragraph 12 of the Complaint, Defendants ADMIT that Manuel and Bertha Villa own and are President and Vice President of La Perla Tapatia, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein. Answering the fourth sentence of Paragraph 12 of the Complaint, Defendants ADMIT the allegations contained therein and allege that Manuel Villa operated La Perla Tapatia as a sole proprietor before the beginning of the alleged relevant class period. Answering the fifth sentence of Paragraph 12 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. Answering the sixth sentence of Paragraph 12 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. Answering the seventh sentence of Paragraph 12 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. Answering the eighth sentence of Paragraph 12 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

13. Answering the first sentence of Paragraph 13 of the Complaint, Defendants ADMIT the allegations contained therein for Defendant La Perla Tapatia, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein for Defendants Manuel and Bertha Villa, and DENY that La Perla Tapatia's stores were "supermarkets." Answering the second sentence of Paragraph 13 of the Complaint, Defendants ADMIT the allegations contained therein for Defendant La Perla Tapatia, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein for Defendants Manuel and Bertha Villa. Answering the third sentence of Paragraph 13 of the Complaint, Defendants ADMIT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

the allegations contained therein for Defendant La Perla Tapatia, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein for Defendants Manuel and Bertha Villa.

## III. JURISDICTION AND VENUE

14. Answering Paragraph 14 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

15. Answering Paragraph 15 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

16. Answering Paragraph 16 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

### INTRADISTRICT ASSIGNMENT

17. Answering Paragraph 17 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

## IV. FACTUAL ALLEGATIONS

18. Answering Paragraph 18 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

21. Answering Paragraph 21 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

23. Answering Paragraph 23 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure. To the extent that Plaintiffs' allege in Paragraph 23 of the Complaint that they are entitled to monetary, declaratory, and restitutionary relief and attorneys' fees, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

## V. CLASS ACTION ALLEGATIONS

24. Answering Paragraph 24 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein.

25. Answering Paragraph 25 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein.

26. Answering Paragraph 26 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

27. Answering the first sentence of Paragraph 27 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. Answering the second sentence of Paragraph 27 of the Complaint, Defendants ADMIT that Defendant La Perla Tapatia keeps track of employee time electronically, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein. Answering the third sentence of Paragraph 27 of the Complaint, Defendants ADMIT that Defendant La Perla Tapatia keeps payroll data for La Perla Tapatia's current and former employees, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

FIRMWIDE:96111972.1 048934.1005            6.
VILLA DEFS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE No.  1:10-CV-00271-AWI-GSA

Answering the fourth sentence of Paragraph 27 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein.

A. Numerosity

28. Answering the first sentence of Paragraph 28 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. Answering the second sentence of Paragraph 28 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein. Answering the third sentence of Paragraph 28 of the Complaint, Defendants ADMIT that Defendant La Perla Tapatia has payroll and employment records for putative class members, but DENY, generally and specifically, all and singular, each and every remaining allegation contained therein. Answering the fourth sentence of Paragraph 28 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. Answering the fifth sentence of Paragraph 28 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein. Answering the sixth sentence of Paragraph 28 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

B. Commonality

29. Answering Paragraph 29 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

30. There is no Paragraph 30 of the Complaint.

C. Typicality

31. Answering Paragraph 31 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

D. Adequacy of Representation

32. Answering the first sentence of Paragraph 32 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. Answering the second sentence of Paragraph 32 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein.

E. Superiority of Class Action

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

33. Answering Paragraph 33 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

34. Answering the first sentence of Paragraph 34 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. Answering the second sentence of Paragraph 34 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

35. Answering Paragraph 35 of the Complaint, Defendants hereby incorporate herein by reference each and every response they made in the Paragraphs above, inclusive, as though fully set forth herein.

36. Answering Paragraph 36 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

37. Answering Paragraph 37 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

38. Answering [the second] Paragraph 35 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein. [Defendants note that this Paragraph, and the remaining Paragraphs in the Complaint, are erroneously numbered.]

39. Answering [the second] Paragraph 36 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

40. Answering [the second] Paragraph 37 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein.

### SECOND CLAIM FOR RELIEF

41. Answering Paragraphs 38 – 46 of the Complaint, Defendants Manuel and Bertha Villa are not named as Defendants in this cause of action. Accordingly, they are not required to respond to the allegations supporting this claim.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

THIRD CLAIM FOR RELIEF

42. Answering Paragraphs 47 – 53 of the Complaint, Defendants Manuel and Bertha Villa are not named as Defendants in this cause of action. Accordingly, they are not required to respond to the allegations supporting this claim.

FOURTH CLAIM FOR RELIEF

43. Answering Paragraphs 54 – 61 of the Complaint, Defendants Manuel and Bertha Villa are not named as Defendants in this cause of action. Accordingly, they are not required to respond to the allegations supporting this claim.

FIFTH CLAIM FOR RELIEF

44. Answering Paragraphs 62 – 69 of the Complaint, Defendants Manuel and Bertha Villa are not named as Defendants in this cause of action. Accordingly, they are not required to respond to the allegations supporting this claim.

SIXTH CLAIM FOR RELIEF

45. Answering Paragraphs 70 – 80 of the Complaint, Defendants Manuel and Bertha Villa are not named as Defendants in this cause of action. Accordingly, they are not required to respond to the allegations supporting this claim.

SEVENTH CLAIM FOR RELIEF

46. Answering Paragraphs 81 – 85 of the Complaint, Defendants Manuel and Bertha Villa are not named as Defendants in this cause of action. Accordingly, they are not required to respond to the allegations supporting this claim.

EIGHTH CAUSE OF ACTION

47. Answering Paragraphs 86 – 95 of the Complaint, Defendants Manuel and Bertha Villa are not named as Defendants in this cause of action. Accordingly, they are not required to respond to the allegations supporting this claim.

NINTH CLAIM FOR RELIEF

48. Answering Paragraphs 96 – 104 of the Complaint, Defendants Manuel and Bertha Villa are not named as Defendants in this cause of action. Accordingly, they are not required to respond to the allegations supporting this claim.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

TENTH CAUSE OF ACTION

49. Answering Paragraph 105 of the Complaint, Defendants hereby incorporate herein by reference each and every response they made in the Paragraphs above, inclusive, as though fully set forth herein.

50. Answering Paragraph 106 of the Complaint, Defendants lack sufficient information to ADMIT or DENY the allegations therein.

51. Answering Paragraph 107 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

52. Answering Paragraph 108 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

53. Answering Paragraph 109 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

54. Answering Paragraph 110 of the Complaint, Defendants DENY, generally and specifically, all and singular, each and every allegation contained therein.

55. Answering Paragraph 111 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

56. In answering Paragraph 112 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

57. Answering Paragraph 113 of the Complaint, Defendants allege that the allegations contained therein are conclusions of law and/or legal principles asserted by Plaintiffs and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

are not allegations of fact to which an admission or denial is required under the Federal Rules of Civil Procedure.

**VII. PRAYER**

Defendants DENY, generally and specifically, all and singular, each and every allegation and/or request contained therein.

**DEFENDANTS' ADDITIONAL DEFENSES**

Without waiving or excusing Plaintiffs' burden of proof, without admitting that Defendants have any burden of proof, and without admitting any wrongdoing, Defendants assert the following defenses:

1. FOR AND AS A SEPARATE DEFENSE, Defendants allege that the Complaint, and each cause of action set forth therein, is barred to the extent it fails to state a claim upon which relief can be granted.

2. FOR AND AS A SEPARATE DEFENSE, Defendants allege that this action may not be maintained as a class action because a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint.

3. FOR AND AS A SEPARATE DEFENSE, Defendants allege that this action may not be maintained as a class action because individual questions of liability and damages predominate over common questions of fact and no well-defined community of interest exists between Plaintiffs and the other members of the purported class.

4. FOR AND AS A SEPARATE DEFENSE, Defendants allege that this action may not be maintained as a class action because the putative class is not so numerous that joinder of all members would be impractical or inadvisable.

5. FOR AND AS A SEPARATE DEFENSE, Defendants allege that this action may not be maintained as a class action because class treatment is not a superior method of adjudicating this matter.

6. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs lack standing to bring each and every cause of action set forth in their Complaint, both as individuals or as adequate representatives of the purported class.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

FIRMWIDE:96111972.1 048934.1005

11.

VILLA DEFS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE No. 1:10-CV-00271-AWI-GSA

7. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs' Complaint, and each cause of action therein, fails to state a cognizable class under Federal Rule of Civil Procedure 23 and/or 29 U.S.C. section 216(b), or any other applicable rule or law relating to the maintenance of class actions, including, but not limited to, Plaintiffs' failure to establish the requisite numerosity, commonality, typicality of claims and defenses, and representative status and/or standing.

8. FOR AND AS A SEPARATE DEFENSE, Defendants allege that certification of a class, as applied to the facts of this case, would constitute denial of Defendants' procedural and substantive rights to trial by jury and/or to substantive and/or procedural due process in violation of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the California Constitution.

9. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs and the putative class members claims are barred to the extent that all the applicable statutes of limitations have expired, including, but not limited to the statutes of limitations contained in California Code of Civil Procedure sections 338, 340, 343, California Business and Professions Code section 17208, and the limitations set forth in the California Labor Code and the Fair Labor Standards Act.

10. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs lack standing to bring claims for civil penalties on behalf of others to the extent that they are not aggrieved employees, pursuant to the Labor Code Private Attorneys General Act, California Labor Code sections 2698, *et seq*.

11. FOR AND AS A SEPARATE DEFENSE, Defendants allege that penalties under the Labor Code Private Attorneys General Act, California Labor Code sections 2698, *et seq*., cannot be determined on a class-wide basis.

12. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs failed to provide the Labor Workforce Development Agency proper notification of the claims and/or the names of the "aggrieved employees" on whose behalf they intend to seek penalties, pursuant to the Labor Code Private Attorneys General Act, California Labor Code sections 2698, *et seq*.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

FIRMWIDE:96111972.1 048934.1005

12.

VILLA DEFS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE No. 1:10-CV-00271-AWI-GSA

13. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs have failed to identify any other allegedly "aggrieved employees," as required in the Labor Code Private Attorneys General Act, California Labor Code sections 2698, *et seq*.

14. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs cannot recover statutory penalties pursuant to California Labor Code section 226(e) on behalf of other "aggrieved employees" pursuant to the Labor Code Private Attorneys General Act, California Labor Code sections 2698, *et seq*.

15. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs and the putative class members have not sustained any damages, or have only sustained *de minimis* damages, which are not actionable under state law.

16. FOR AND AS A SEPARATE DEFENSE, Defendants allege that the claims by Plaintiffs and the putative class members are barred to the extent they have been paid and/or received all wages due to them by virtue of their employment with La Perla Tapatia.

17. FOR AND AS A SEPARATE DEFENSE, Defendants are entitled to a credit or set-off to the extent that Plaintiffs and/or the putative class members were overpaid in the course of their employment with La Perla Tapatia.

18. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs and the putative class members claims are barred to the extent that neither Plaintiffs nor any putative class members suffered or were permitted to work during the time for which he/she was not paid the appropriate wage rate, including overtime wage rates.

19. FOR AND AS A SEPARATE DEFENSE, Defendants allege that, if Plaintiffs or any putative class members "worked" overtime hours for which overtime compensation was not paid, Defendants had no actual or constructive knowledge of such "work" and it was undertaken without Defendants' consent or permission.

20. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs and the putative class members are barred from recovering for any alleged damages that they suffered that were proximately caused or contributed to by acts or omissions of persons other than Defendants.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

21. FOR AND AS A SIXTH SEPARATE DEFENSE, Defendants allege that the Complaint is barred to the extent Plaintiffs and the putative class claims are subject to the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

22. FOR AND AS A SEPARATE DEFENSE, Defendants allege that the claims of Plaintiffs and the putative class members are barred to the extent that the doctrine of *res judicata* applies.

23. FOR AND AS A SEPARATE DEFENSE, Defendants allege that the claims of Plaintiffs and the putative class members are barred to the extent that the doctrine of avoidable consequences applies.

24. FOR AND AS A SEPARATE DEFENSE, Defendants allege that any unlawful or other wrongful acts, if any, taken by any of the officers, directors, supervisors, or employees of La Perla Tapatia against Plaintiffs and the putative class members were outside the scope of his/her authority and such acts, if any, were not authorized, ratified, or condoned by Defendants, nor did Defendants know nor should they have known of such conduct.

25. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs and the putative class are not entitled to equitable relief to the extent that they have an adequate remedy at law.

26. FOR AND AS A SEPARATE DEFENSE, Defendants allege that they are not vicariously liable for any act or omission of any other person, by way of *respondeat superior*, agency, or otherwise.

27. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs and the putative class members are not entitled to relief for their claims to the extent that the Wage Orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' due process, and other rights, under the United States and California Constitutions.

28. FOR AND AS A SEPARATE DEFENSE, Defendants allege that La Perla Tapatia's treatment of Plaintiffs and the putative class members was in good faith, in conformity with, and in reliance on a written administrative regulation, order, ruling, or interpretation of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

federal Department of Labor Wage and Hour Division, the California Labor Commissioner, the California Industrial Welfare Commission, and/or on administrative practices and policies applicable to La Perla Tapatia.

29. FOR AND AS A SEPARATE DEFENSE, Defendants allege that even if Plaintiffs and/or any putative class members are entitled to any additional compensation, which Defendants deny, Defendants have not willfully or intentionally failed to pay any such additional compensation.

30. FOR AND AS A SEPARATE DEFENSE, Defendants allege that the Complaint is barred to the extent it fails to state a claim for liquidated damages or penalties under California Labor Code sections 226, 226.3, 1194.2, or any other basis.

31. FOR AND AS A SEPARATE DEFENSE, Defendants allege that, to the extent Plaintiffs and the putative class members seek statutory or other penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

32. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs are not entitled to recovery of punitive damages because Plaintiffs' Complaint fails to state facts sufficient to state a claim for punitive damages under California Civil Code section 3294 and Defendants have not committed any acts that would justify an award of punitive damages.

33. FOR AND AS A SEPARATE DEFENSE, Defendants allege that the Complaint is barred to the extent that it fails to state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

34. FOR AND AS A SEPARATE DEFENSE, Defendants allege that Plaintiffs and the putative class members are barred from recovery to the extent that they failed to mitigate their alleged damages.

35. FOR AND AS A SEPARATE DEFENSE, Defendants allege that they are not proper parties to this action, *inter alia*, as they were never Plaintiffs' employer(s).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants allege that because the Complaint is couched in conclusory terms, all defenses that may be applicable cannot be fully anticipated. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is reserved. In addition, Defendants reserve the right to amend this Answer should Defendants later discover facts demonstrating the existence of new and/or additional defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

**PRAYER**

WHEREFORE, Defendants pray that:

1. Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs and putative class members take nothing by virtue of this action;

2. Defendants be awarded attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated: July 2, 2010July 1, 2010

*/s/ Benjamin L. Webster*
BENJAMIN L. WEBSTER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
MANUEL VILLA ENTERPRISES, INC. DBA LA PERLA TAPATIA, MANUEL VILLA, and BERTHA VILLA

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

FIRMWIDE:96111972.1 048934.1005

16.

VILLA DEFS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT - CASE No. 1:10-CV-00271-AWI-GSA