1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

JOSE LUIS HERRERA, et al.,

            Plaintiff,

   v.

MANUEL VILLA ENTERPRISES, INC., et al.,

         Defendants.

_____ /

CASE No.    1:10-cv-00271-AWI-MJS

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

(ECF No. 32)

HEARING ON FINAL APPROVAL OF SETTLEMENT ON AUGUST 9, 2011

11
12
13
14
15
16
17
18

     Plaintiffs Jose Luis Herrera and Maria Melgoza brought this putative class wage and hour action on behalf of themselves and others similarly situated against Defendants Manuel Villa Enterprises, Inc. d/b/a La Perla Tapatia, Manuel Villa, and Bertha Villa. (See Compl., ECF No. 2)

     On March 29, 2011, Plaintiffs filed an unopposed motion for a Court order: (1) conditionally certifying the settlement class and collective action; (2) preliminarily approving the class settlement; (3) appointing the class representatives and class counsel; (4) approving the class notice and related materials; (5) appointing a settlement administrator;

19
20
21
22
23
24
25
26
27

-1-

and (6) scheduling a final approval hearing.  (ECF No. 32.)

In rough summary form, the settlement agreement is as follows.  (Settlement Agreement, ECF No. 40.)  Defendants will make three payments totaling $400,000 into a settlement account.  From the fund created by these payments, class counsel will be paid not more than one-third as fees, the two class representatives will be awarded not more than $7,500 each, and the settlement administrator shall be paid not more than $25,000. After administration and other costs are paid and after withholding of payroll taxes and penalties in the manner described in the Settlement Agreement, the remainder of the settlement fund shall be distributed to or for the claimants based on the number of months each was employed by Defendants during the relevant time period.  The settlement will be administered by third-party claims administrator, Simpluis, Inc.  All funds will be distributed pursuant to the Settlement Agreement and none will revert to Defendants.

The Court held a hearing on April 22, 2011 at which time counsel for both parties appeared telephonically.  No one appeared at the hearing for the purpose of objecting to the proposed settlement.  As noted, no opposition has been filed.

## I.   JURISDICTION

This Court has jurisdiction under 28 U.S.C. sections 1331 and 1367.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the United States Magistrate Judge conducting all proceedings related to this Motion for Preliminary Approval of Settlement (but not otherwise).  (ECF Nos. 45 & 46.)

## II.   CONDITIONAL CERTIFICATION OF CLASS

For settlement purposes only, the parties propose provisional certification of the following class: "all persons who are or have been employed by Defendant Manuel Villa

Enterprises in its grocery stores as regular non-exempt employees in one or more of the Covered Positions from February 17, 2006 until February 17, 2010." (Settlement Agreement at 2.)

The Court reviews the propriety of class certification under Federal Rule of Civil Procedure 26(a) and (b). In a settlement context, the Court must pay "undiluted, even heightened, attention" to class certification requirements because the Court will not have the opportunity to adjust the class based on information revealed at trial. See Staton v. Boeing, 327 F.3d 938, 952-53 (9th Cir. 2003) (quoting Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997)); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (same).

### A.   Rule 23(a)

Class certification requires the following: (1) the class must be so numerous that joinder of all members individually is "impracticable"; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives must be typical of the claims or defenses of the class; and (4) the person representing the class must be able to fairly and adequately protect the interests of all class members. See Fed. R. Civ. P. 23(a); Staton, 327 F.3d at 953.

Here, these factors support class certification. First, the class members—all identifiable from Defendants' employment records—number between 600 and 700, making joinder of all impracticable. See Jordan v. County of L.A., 669 F.2d 1311, 1319 (9th Cir.), vacated on other grounds, County of L.A. v. Jordan, 459 U.S. 810 (1982). Second, the class members' claims all involve common facts relating to Defendants' wage and hour practices. Similarly, the class members' legal issues involve the same legal

theories regarding Defendants' alleged non-compliance with state and federal wage and hour laws.  Third, the named Plaintiffs' claims are typical to the claims and injuries of other class members.  See Hanlon, 150 F.3d at 1019-20 (claims are typical if they are reasonably coextensive with that of absent class members; they need not be substantially identical).  Fourth, Plaintiffs are able to fairly and adequately protect the interests of all class members.  The factors relevant to a determination of adequacy are as follows:  (1) the absence of potential conflict between the named plaintiff and the class members; and (2) counsel chosen by the representative parties is qualified, experienced, and able to vigorously conduct the proposed litigation. Id. at 1020.  The Court is satisfied that those factors exist here. As discussed already, the named Plaintiffs share claims and interests with the class and the parties' representations satisfy the Court that there is no conflict of interest with the class.  Also, they have obtained very experienced, qualified, and competent counsel.  See generally Decl. of Stan Mallison (ECF No. 36.); Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1162 (9th Cir. 2001); Brown v. Ticor Title Ins. Co., 982 F.2d 386, 390 (9th Cir. 1992).

## B.   Rule 23(b)(3)

In addition to meeting the prerequisites of Rule 23(a), a proposed class must be appropriate for certification under one of the categories in Rule 23(b).  See Fed. R. Civ. P. 23(b); Hanlon, 150 F.3d at 1022.  Plaintiff seeks provisional certification, and the Court finds that certification is appropriate under Rule 23(b)(3).  Questions of law and fact common to class members predominate over any questions affecting only individual members.  See Fed. R. Civ. P. 23(b)(3).  The case involves multiple claims for relatively small sums, and a class action is superior to any alternative method of fairly and efficiently

adjudicating the claims. See Amchem Products, 521 U.S. at 625; Culinary/Bartender Trust Fund, 244 F.3d at 1163 (class action appropriate because "if plaintiffs cannot proceed as a class, some—perhaps most—will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover"). At this point, there do not appear to be any apparent obstacles that would make managing a class action difficult. See Fed. R. Civ. P. 23(b)(3)(A), (C) and (D).

**C.     Conclusion: Provisional Class Certification is Appropriate**

Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court conditionally certifies the class members set forth above solely for the purpose of entering a settlement in this matter.

**III.   APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

For the reasons set forth in the previous section, the Court appoints Jose Luis Herrera and Maria Melgoza to serve as the Class Representatives. The Court finds that they have claims that are typical of the claims of class members generally and are adequate representatives of the other members of the proposed class. The Court also finds that the firm of Mallison & Martinez has sufficient experience and expertise in prosecuting class action cases and appoints this firm as Class Counsel for settlement purposes only.

**IV.   PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

Procedurally, the approval of a class action settlement has two stages:  (1) the preliminary approval, which authorizes notice to the class; and (2) a final fairness hearing where the Court determines whether the parties should be allowed to settle the class action on the agreed-upon terms. In reviewing the proposed settlement, the Court need not

address whether the settlement is ideal or the best outcome, but determines only whether the settlement appears fair, free of collusion, and consistent with Plaintiffs' fiduciary obligations to the class.  See Hanlon, 150 F.3d at 1027.  The Hanlon court identified factors relevant to assessing a settlement proposal:  (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement.  Id. at 1026 (citation omitted).

In this case, the Court has evaluated the proposed Settlement Agreement for overall fairness under the Hanlon factors and concludes that preliminary approval is appropriate. Although it appears Plaintiffs have a strong case, litigation poses risks and, even in settlement, Defendants deny wrongdoing and deny liability.  Moreover, even in a strong case, litigation entails expense, and litigation of this size can be particularly expensive. Third, the amount offered in settlement appears sufficient to cover a significant portion of the possible damages the plaintiff class would be able to recover if the case proceeded through litigation.  The amount negotiated through the Settlement Agreement compares reasonably favorably to the potential outcome at trial, particularly given the risks, expected duration, and complexity of trial, as well as the risks attendant to efforts to collect on judgments.  The settlement here appears to be the product of serious, non-collusive, arm's length negotiations by experienced counsel with the assistance of an experienced mediator.  Significantly, no class member (or anyone else) has objected to the proposed settlement.

At this stage, the settlement plan seems sufficiently fair for preliminary approval. A further showing will be needed for final approval, particularly with regard to the attorneys' fees provision in the Settlement Agreement.  The record presently before the Court is not sufficient to determine whether the Settlement Agreement's proposal for attorneys' fees of up to one-third of the fund is appropriate.  The one-third share may in and of itself be excessive. See Hanlon, 150 F.3d at 1029 (twenty-five percent is considered a benchmark in common fund cases); Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002) (twenty-five percent benchmark, though a starting point for analysis, may be inappropriate in some cases; fees must be supported by findings).  In any event, the Court must approve the fee award as part of the final settlement approval.  At that point, Plaintiffs' attorneys will need to make a full showing to justify attorneys' fees and should submit its fee request in accordance with the lodestar method.  However, given the parties' submissions in their pleadings and at the hearing, and considering the amount of the settlement fund, this issue need not be resolved at this stage of preliminary approval. The proposed Notice sufficiently describes the attorneys' fees and the need for court approval.

In sum, the Court finds that viewed as a whole, the proposed settlement is sufficiently "fair, adequate, and reasonable" such that preliminary approval of the it is warranted.  See Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco, 688 F.2d 615, 625 (9th Cir.1982).  The Court thus preliminarily approves the Settlement Agreement.

**V.    APPROVAL OF CLASS NOTICE**

As part of the approval of the Settlement Agreement, the Court must address the proposed Notice to be sent to eligible class members.  Under the Settlement Agreement,

Defendants will provide an electronic database with all known relevant information (including the last known address) for each Class Member.  The Settlement Administrator will then send a Notice, **in both English and Spanish**, by first-class mail to the Class Members.  (Settlement Agreement at 10.)  If a Notice is returned as undeliverable, the Settlement Administrator will work with Defendants and use the national Change of Address Registry to find a more current address and resend the Notice packet.  (Id.)  The Court finds that the process for distributing the Notice packet to the class members as described in the Settlement Agreement and at the hearing on this Motion is sufficient and is hereby approved.

The Court also finds that the substance of the Notice fairly, plainly, accurately, and reasonably informs class members of the following: (1) the nature of the litigation, the settlement class, the identity of Class Counsel, and the essential terms of the Settlement Agreement; (2) information about how administrative costs, court-approved attorneys' fees, and possible payment to the Class Representatives (if ultimately approved by the Court) will be paid from the fund; (3) how to challenge or opt out of the settlement, if they wish to do so and the effect of failing to do so; (4) this Court's procedures for final approval of the settlement and settlement agreement and the Class Members' right to appear if they desire; and (5) how to obtain additional information regarding this litigation, the Settlement Agreement, and the approval process.   In summary—**subject to the following paragraph**—the form of the Notice and the manner of distributing the Class Notice are approved.

The Court finds that  change needs to be made to ensure Plaintiffs adequate time to respond to the Notice.  Plaintiffs' proposed schedule would give class members roughly

thirty (30) days to opt out of or object to the settlement.  The Court believes that that time period is too abbreviated.  The Notice should be amended to provide that all Class Members have forty-five (45) days after the Settlement Administrator first mails the Class Notice to opt out of the settlement or to file written objections.  The Notice should also contain the revised hearing date set forth below.

## VI.   COMPLIANCE WITH CLASS ACTION FAIRNESS ACT

At the hearing on this motion, Plaintiff's counsel advised of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. section 1715.  A declaration confirming full compliance shall be filed with the Court prior to the final approval hearing.

## VII.   PROCEDURES FOR FINAL APPROVAL OF SETTLEMENT

The revised schedule for dates and deadlines is set forth in the table below in summary fashion and discussed in more detail in the sections that follow.

| Event | Date |
|---|---|
| Defendants to provide Settlement Administrator with an electronic database containing Class Member contact information and data necessary to calculate settlement shares | May 16, 2011 |
| Settlement Administrator to mail Notice Packets to all Class Members | May 26, 2011 |
| Last day for Settlement Administrator to contact Class Members who have not submitted Claim Forms to remind them of the upcoming deadline | June 27, 2011 |
| Date for Class Members to comment on or object to settlement, to mail valid Elections Not to Participate in Settlement, and to mail valid claims for Settlement Shares | July 11, 2011 |
| Last day for Settlement Administrator to report to parties on Class Members who have elected not to participate in Settlement or how many have submitted claims | July 18, 2011 |
| Last day for Settlement Administrator to serve on the parties and file with the Court statement of due diligence in complying with its obligations under the Settlement Agreement. | July 26, 2011 |

| Deadline for Filing Motion for Final Approval of Settlement | July 26, 2011 |
|---|---|
| Final approval hearing | August 9, 2011 |

### A.    Fairness Hearing

The Court sets the final fairness hearing in this case for August 9, 2011, at 8:15 a.m. at the United States District Court for the Eastern District of California, Fresno Division, Courtroom 2, 8th floor, 2500 Tulare Street, Fresno, California.  At the hearing, the Court will determine whether to grant final certification of the settlement class and final approval of the Settlement Agreement (including the payments to the Class, payment of attorneys' fees and costs, administrative costs, and payment of an incentive award to the Class Representatives).

### B.    Mailing of Notice by No Later Than May 26, 2011

The Court orders the Settlement Administrator to mail by first-class postage the Notice (with the Court's revisions as set forth above) to all known potential settlement Class Members by no later than May 26, 2011.  Under the terms of the Settlement Agreement, Defendants will provide the names and addresses of the Class Members to the Settlement Administrator.   The parties will then work with the Settlement Administrator to resolve issues related to returned mail and undertake to obtain current addresses by using information from employee records and by inquiry through the National Change of Address Registry.  The parties shall file proof of distribution of notice at or before the final hearing.

### C.    Requests for Exclusion from the Settlement

Class Members may exclude themselves, or opt out, of the proposed settlement. Any request for exclusion must be in the form of a written "opt-out" statement sent to Class Counsel and counsel for Defendants in the manner set forth in the proposed Notice.  (See

Notice, ECF No. 41-4, at 62 et seq.)  To be excluded from the settlement, the opt-out request must be sent to the addresses in the Notice by First Class Mail and must be postmarked by July 11, 2011.  Counsel shall obtain copies of all requests for exclusion from the Settlement Administrator and provide copies to the Court at least fourteen (14) days before the final fairness hearing.

Any class member who has not opted out of the settlement and who wishes to object to the fairness, reasonableness, or adequacy of the settlement must do so in writing. Class Members who have timely objected to the settlement in writing may also appear at the fairness hearing.  Objections shall be mailed to the address(es) provided in the Class Notice, via first-class mail and must be postmarked by July 11, 2011.  An objector who wishes to appear at the final fairness hearing, either in person or through counsel hired by the objector, must state his or her intention to do so at the time the objector submits his/her written objections.   Objections raised at the fairness hearing will be limited to those previously submitted in writing.  Any member of the Class who does not timely serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any member of the Class who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection. Counsel shall file copies of all timely objections with the Court at least fourteen (14) days before the fairness hearing.

**D.**   **Deadline for Submitting Motion Seeking Final Approval**

Plaintiff shall file a Motion for Final Approval of the Settlement and Settlement Agreement on or before July 26, 2011.

///

### E.    Deadline to Petition for Attorneys' Fees

Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of costs and expenses, and for approval of a reasonable service award for the named Plaintiffs, no later than July 26, 2011.  The Motion shall be heard at the time of the fairness hearing.

### F.    Plaintiff's and Class Members' Release

If, at the fairness hearing, the Court grants final approval to the settlement and the Settlement Agreement, the named Plaintiffs and each individual settlement Class Member who does not timely opt out will release claims as set forth in the Settlement Agreement by operation of the Court's entry of the judgment and final approval.

### ORDER

IT IS SO ORDERED.

Dated:   May 2, 2011                    /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE