Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
Jessica Juarez (SBN 269600)
MALLISON & MARTINEZ
1939 Harrison Street, Ste. 730
Oakland, CA 94612
Telephone: 510.832.9999
Facsimile: 510.832.1101
stanm@mallisonlaw.com
hectorm@mallisonlaw.com
mpalau@themmlawfirm.com
jjuarez@themmlawfirm.com

FILED
AUG 08 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| JOSE LUIS HERRERA & MARIA MELGOZA, on behalf of themselves and a class of all non-exempt California "La Perla Tapatia" employees,<br><br>Plaintiffs,<br><br>vs.<br><br>MANUEL VILLA ENTERPRISES, INC. (dba "La Perla Tapatia"), a California Corporation, MANUEL VILLA, and BERTHA VILLA<br><br>Defendants. | Case No. 1:10-cv-00271-AWI-GSA<br><br>[~~PROPOSED~~] ORDER:<br><br>(1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS;<br><br>(2) APPROVING CLASS SETTLEMENT;<br><br>(3) APPROVING FEES AND COSTS APPLICATION<br><br>(4) APPOINTING PAYMENT TO CLAIMS ADMINISTRATOR; AND<br><br>(5) APPROVING PAGA PAYMENT<br><br>Date: August 8, 2011<br>Time: 1:30 p.m.<br>Courtroom: 2<br>Judge: Anthony W. Ishii |

On August 8, 2011, a hearing was held on the motion of plaintiffs Jose Luis Herrera and Maria Melgoza ("Plaintiffs"), for final approval of the class action settlement, for class certification, for approval of claims administrator payment, and for approval of counsel's fees and costs. Stan S. Mallison of the Law Offices of Mallison & Martinez appeared for Plaintiffs; and Benjamin Webster of Littler Mendelson appeared Defendants.

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore,

IT IS ORDERED:

1. The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under federal and California wage-and-hour law; the Court has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do plaintiffs' federal-law claims.

2. The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

3. The parties' Settlement Agreement (the "Settlement") attached to the Declaration of Stan S. Mallison is granted final approval as it meets the criteria for final settlement approval. The Settlement is fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

4. The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

> All persons who are or have been employed by Defendant Manuel Villa Enterprises in its grocery stores as regular non-exempt employees in one or more of the Covered Positions from February 17, 2006 until February 17, 2010

5. The Court hereby approves the Settlement as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to the terms outlined in the Settlement Agreement. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arms-length

negotiations. In granting final approval of the Settlement Agreement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. Accordingly, the Court finds that the Settlement Agreement was entered into in good faith. The Court also finds that the Plaintiff Class is properly certified for settlement purposes only.

6. Plaintiffs Jose Luis Herrera and Maria Melgoza are appointed Class Representatives. Stan S. Mallison and Hector R. Martinez and the Law Offices of Mallison & Martinez are appointed Class Counsel. The Court further determines that payment in the amount of $7,500 each for class representative Jose Luis Herrera and Maria Melgoza for their services, in addition to their individual Settlement Payments, is fair and reasonable, and gives final approval to and orders such payments in accordance with the terms of the Settlement Agreement.

7. The Court determines that an award of attorneys' fees and reimbursement of out-of-pocket expenses incurred in prosecuting this litigation to Class Counsel from the Settlement Fund in the total amount of $123,920.55 in fees (30% of the total recovery of $413,068.49) and $11,074.90 in costs is reasonable and well-warranted by the amount of work performed and the costs incurred in prosecuting this litigation. This award of fees and litigation expenses shall be paid by the Settlement Administrator to Class Counsel, Mallison & Martinez. These payments shall be made by the Settlement Administrator in accordance with the Settlement Agreement. <u>In the event defendants prepay (or delay) any amounts and thereby avoid (or increase) interest charges Counsel's award will be adjusted accordingly to reflect a 30% gross recovery</u>. Counsel shall be paid at the same time as

8. The Court approves the payment of $23,000 to Simpluris Inc. to cover the costs of administration as provided for in the Settlement Agreement. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement Agreement.

9. The Court finds the Net Settlement Amount and the calculation and method of making Settlement Payments provided for under the Settlement Agreement to be fair and reasonable.

Accordingly, the Court approves and orders the calculations of the Settlement Payments to be made to the Plaintiff Class in accordance with the terms of the Settlement Agreement.

10. The court approves the dismissal without prejudice of the PAGA claims as the State of California is not prejudiced by the dismissal.

11. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, then this Final Order and all orders entered in connection herewith, including the Final Judgment, shall be vacated and rendered null and void.

12. Without affecting the finality of the Settlement or Final Judgment, this Court shall retain exclusive and continuing jurisdiction over the Parties, including all Class Members, relating to the Action and the administration, consummation, enforcement and interpretation of the Settlement Agreement, this Final Order, the Final Judgment, and for any other necessary purpose.

Dated: August 8, 2011.

_____
Anthony W. Ishii
United States District Judge