UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS HERRERA & MARIA MELGOZA, on behalf of themselves and a class of all non-exempt California "La Perla Tapatia" employees,<br><br>**Plaintiffs,**<br><br>v.<br><br>MANUEL VILLA ENTERPRISES, INC. (dba "La Perla Tapatia"), a California Corporation, MANUEL VILLA, and BERTHA VILLA,<br><br>**Defendant** | CASE NO. 1:10-CV-0271 AWI MJS<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## BACKGROUND

This action was filed on February 17, 2010. On February 10, 2013, the parties notified the Court that they had agreed the essential terms to complete a settlement in this action. On May 2, 2011, the Court granted a preliminary approval of settlement. On August 8, 2011, the Court conditionally certified the settlement class and approved the class settlement.

On July 23, 2012, pursuant to the Court's request, Plaintiff updated the Court on the status of the case and requested additional time in which to complete the settlement agreement. Plaintiff informed the Court that the settlement provided for a three-part payment plan that was to be completed by December 31, 2012. While the first two payments had been made, Plaintiff stated there had been a delay in the third payment, and it would be paid by February 2013.

No further document was filed in this action.

On June 4, 2013, the Court directed the parties to file a status report within ten days.   No status report was filed.

On September 5, 2013, the Clerk of the Court issued a minute order that placed this matter on the Court's September 30, 2013 calendar for a hearing regarding dismissing this action for lack of prosecution.    On September 30, 2013, the case was called.  There was no appearance by any party and the Court had not been contacted by the parties in any way.   The Court found it was appropriate dismiss this action for lack of prosecution, and this order follows.

## LEGAL STANDARD

The Court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the Court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation;(2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).   "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"   In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## DISCUSSION

The Court finds that dismissal for Plaintiff's failure to prosecute is appropriate at this time. The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.   "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending since February 17, 2010.   The settlement was approved by August 8, 2011.   Since August 8, 2011, the Court's last communication from the parties was over a year ago, on July 23, 2012, when they stated the

settlement would be complete by February 2013. Since July 23, 2012, no party has filed any document in this action. The Court cannot manage its docket if it maintains cases in which parties fail to fulfill Court obligations and continue to take necessary steps to litigate cases. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the Court's limited resources may be spent on cases in which the litigant is actually proceeding. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Pagtalunan, 291 F.3d at 642. Defendant last appeared in this action at the August 8, 2011 hearing. Despite several minute orders requesting status reports, Defendants have not contacted the Court. As Defendants have ceased to appear in this action, there appears to be little if any risk of prejudice to Defendants.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources. The Court's last minute order requesting a status report was ignored. No party responded to the Court's minute order concerning the lack of prosecution, and no party appeared in Court on September 30, 2013. The availability of less drastic sanctions has been considered, but given all parties failure to comply with Court orders, the Court has no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal. Pagtalunan, 291 F.3d at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re PPA, 460 F.3d at 1228. Given the parties' apparent abandonment of this action, the Court finds that public policy favors dismissal in a case such as this one where the parties are unable or

3

1 | unwilling to respond to Court orders and proceed.

**ORDER**

Accordingly, the court ORDERS that:

1. This action is DISMISSED for failure to prosecute; and
2. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   October 1, 2013                                    _____
                                                                         SENIOR  DISTRICT  JUDGE